1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cr3420 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO DISMISS INDICTMENT |
| vs. | |
| DANIEL RODRIGUEZ-SAUCEDO, | |
| Defendant. | |

Defendant Daniel Rodriguez-Saucedo moves to dismiss the indictment on the ground of a defective prior deportation proceeding. The Government opposes the motion. Having carefully considered the moving papers, the court's record, appropriate authorities, and the arguments of counsel, the court denies the motion to dismiss the indictment.

## BACKGROUND

### The Instant Offense

On September 13, 2008 Defendant sought entry into the United States, claiming that he was a United States citizen who was born in Los Angeles, California. Defendant did not have any documents to support his claim. A records check revealed an extensive criminal and immigration history. The next morning, at 11:32 a.m. Defendant was provided with the Miranda advisements and allegedly waived those rights. Defendant stated that he was born in Mexico, he admitted to prior deportations, and

1  represented that he had no legal authority to enter the United States.

2  <u>Immigration and Criminal History</u>

3      Defendant originally entered the United States on an immigration visa on March
4  19, 1963.  On January 28, 1976 Defendant plead guilty to first degree burglary in
5  violation of Penal Code §459.  As Defendant was originally charged with burglary,
6  assault to commit rape, and attempted rape in violation of Penal Code §§459, 220,
7  664/261, on March 30, 1976 the court found Defendant a mentally disordered sex
8  offender and recommitted him to the Department of Mental Health.  On March 16, 1978
9  Defendant was convicted of escape from a state hospital in violation of Welfare and
10 Institutions Code §6330 and sentenced to two years imprisonment.

11     As the result of a conviction for being under the influence in violation of Health
12 and Safety Code §11550, Defendant was placed in removal proceedings.  On August
13 4, 1989 Defendant was granted §212(c) relief from deportation.

14     On October 27, 1989 Defendant pleaded guilty to corporal injury of a spouse,
15 cohabitant, or mother of child in violation of Penal Code §273.5.  Defendant was once
16 again placed in removal proceedings and, on September 23, 1993 the Immigration
17 Judge denied a second request for §212(c) relief.  On September 24, 1993 Defendant
18 was deported from the United States.

19     Defendant reentered the United States and, on or about April 10, 1995, Defendant
20 was once again placed in removal proceedings.  Immigration Judge Weil rejected
21 Defendant's argument that he was entitled to derivative citizenship because the 10/5
22 rule, and not the 5/2 rule (concerning residency and age) applied under the
23 circumstances.  On June 9, 1995 Defendant was ordered deported and deported on that
24 same day.

25     Defendant again reentered the United States.  On January 29, 1998 Defendant
26 was convicted of assault with a deadly weapon in violation of Penal Code §245(a)(1)
27 and sentenced to 4 years' imprisonment.   Placed in removal proceedings again, on
28 January 28, 2002 Immigration Judge Rose determined that Defendant had made no

application for relief from removal, Defendant waived the right to appeal and ordered Defendant removed from the United States. Defendant was removed that same day.

Defendant again reentered the United States. On May 14, 2003 Defendant was provided with notice of the reinstatement of the order of removal from January 28, 2002. Defendant was removed that same day.

Defendant again reentered the United States. On September 19, 2003 Defendant pleaded guilty to two counts of illegal reentry in violation of 8 U.S.C. §1325 in case 03cr2163 JM. As a part of the plea, he agreed to waive the right to appeal or collaterally attack the conviction and agreed to an order of removal. Defendant was sentenced to four years' imprisonment with two years supervised relief. On January 27, 2007 Defendant was again placed in removal proceedings. Defendant chose to proceed by means of a written record without a hearing and, on June 26, 2007, Defendant was removed from the United States.

## DISCUSSION

Defendant argues that the indictment must be dismissed because the 1995 deportation was invalid as he was deprived of the right to counsel, denied 212(c) relief, and denied the right of review of his derivative claim to United States citizenship.

A defendant in a §1326 prosecution may collaterally attack the prior deportation before trial and preclude the government from relying on such deportation where"the deportation proceeding was so procedurally flawed that it effectively eliminated the right of an alien to obtain judicial review. . . ." United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996), cert. denied, 117 S.Ct. 1096 (1997). The collateral attack of a prior deportation is statutorily permitted only if:

(1) the alien has exhausted any administrative remedies that may have been available to seek relief against the order,
(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity to seek relief against the order; and
(3) the entry of the order was fundamentally unfair.

8 U.S.C. §1326(d)(1-3). An underlying removal order is fundamentally unfair if (1) a defendant's due process rights were in fact violated and (2) he suffers prejudice. United

1   States v. Gutierrez-Alba, 128 F.3d 1324 (9th Cir. 1997).   To establish prejudice,

2   Defendant must show that he had "a plausible ground for relief from deportation.   USA

3   v. Ualdo-Figueroa, 346 F.3d 1042, 1050 (9th Cir. 2004).

4   Waiver

5        A motion to dismiss an indictment due to an invalid deportation pursuant to 8

6   U.S.C. §1326(d) is a "collateral attack on the underlying deportation."   United States

7   v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987).   A valid waiver of the right to appeal

8   or collateral attack is enforceable.   To be valid, such a waiver must be considered and

9   intelligent.   United States v. Garza-Sanchez, 217 F.3d 806, 808 (9th Cir. 2000).

10       In the plea agreement associated with Criminal Case No. 03cr2163 JM,

11   Defendant represented that he waived "all rights to appeal, reopen, or collaterally attack

12   the order of removal."   (Gov't Exh. 21 ¶5(f).   The plea agreement also represented that

13   Defendant had read the plea agreement and discussed it with counsel.   Furthermore,

14   upon completion of his criminal sentence in 03cr2163 JM, Defendant signed a

15   document indicating that he had the right to a hearing before an Immigration Judge and

16   to present evidence.   (Gov't Exh. G).   Defendant waived those rights and admitted the

17   allegations in the Notice to Appear.   Defendant was removed to Mexico on June 26,

18   2007.

19       Here, the court concludes that Defendant explicitly waived his right to

20   collaterally attack the validity of his prior removal proceedings.

21   Prejudice

22       The court also concludes that Defendant fails to establish any prejudice because

23   several of Defendant's state convictions are aggravated felonies and therefore he cannot

24   demonstrate any prejudice for purposes of a §1326(d) challenge.   See United States v.

25   Garcia-Martinez, 228 F.3d 956, 963 (9th Cir. 2000).   Defendant's convictions for injury

26   of a spouse in violation of Penal Code §273.5 is an aggravated felony because

27   Defendant received a sentence of three years imprisonment.   Pinto Morales v. Gonzales,

28   2007 *WL 2437160 at *1 (9th Cir. 2007) (finding that a prior conviction under §273.5

is an aggravated felony as long as the term of imprisonment is at least one year). Similarly the assault with a deadly weapon in violation of §245(a)(1) is an aggravated felony. <u>Ortiz-Magana v. Mukasey</u>, 542 F.3d 653, 654 (9th Cir. 2008) ("Assault with a deadly weapon under §245(a)(1) is a crime of violence as defined by 18 U.S.C. §16").

In sum, the motion to dismiss the indictment is denied.

**IT IS SO ORDERED.**

DATED:  December 15, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties

- 5 -

08cr3420